**STATE of Maine**

v.

**Kevin COLLINS.**

Supreme Judicial Court of Maine.

Argued March 4, 1987.

Decided April 3, 1987.

---

Paul Aranson (orally), Dist. Atty., Portland, for plaintiff.

James R. Bushell (orally), Downeast Law Offices, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

## MEMORANDUM OF DECISION.

The Defendant, Kevin Collins, appeals from his conviction by a jury in Superior Court (Cumberland County) for theft by receiving in violation of 17–A M.R.S.A. § 359 (1983), contending that the Superior Court erroneously permitted the State to introduce rebuttal testimony concerning his involvement with other items taken in the same burglary but which he was not charged with possessing. He argues that this evidence should have been excluded pursuant to M.R.Evid. 608(b) and M.R.Evid. 403.

Pursuant to M.R.Evid. 403 the admissibility of evidence and the admissibility of rebuttal testimony are within the sound discretion of the trial court. *State v. Mylon,* 462 A.2d 1184, 1187 (Me.1983). The rebuttal testimony challenged on this appeal was not extrinsic evidence on a collateral matter in violation of M.R.Evid. 608(b). Indeed, this evidence helped to establish knowledge and intent, two elements of the crime with which he was charged. Evidence should be admitted if it is relevant to the issue even if it is inadmissible as to other issues in the same case. 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 105[03] at 105–18 (1986). The trial court did not abuse its discretion in allowing this rebuttal testimony.

No other issue raised by the Defendant merits discussion here.

The entry is:

Judgment affirmed.

All concurring.